**BINSWANGER GLASS COMPANY, Appellant,**

v.

**Mildred SUTTON, Appellee.**

**No. 09 84 272 CV.**

Court of Appeals of Texas, Beaumont.

April 4, 1985.

Rehearing Denied April 18, 1985.

---

Curry Cooksey, Orgain, Bell & Tucker, Beaumont, for appellant.

Ernest J. Browne, Jr., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Plaintiff below, appellee herein, brought suit against defendant below, appellant herein, for damages resulting from a vehicular collision. A jury answered special issues favorable to the plaintiff as to compensatory and punitive damages. From a judgment given plaintiff, defendant has perfected appeal to this Court.

Defendant's first point of error complains of the judgment including an award for exemplary or punitive damages.

Before trial, the parties entered into the following stipulation:

> "That the Plaintiff and Defendant hereby stipulate and agree that the amount of property damage done to Plaintiff's vehicle resulting from the collision made basis of this suit is Three Thousand Eight Hundred and No/100 ($3,800.00) Dollars. Further, that if there is any finding in favor of the Plaintiff on the issue of liability, that the figure of Three Thousand Eight Hundred and No/100 ($3,800.00) Dollars *shall be used as the total figure of damages suffered by Plaintiff proximately caused by the collision made basis of this suit and shall be thereby used in determining the amount to be awarded in any judgment herein.*" (emphasis supplied)

It was after the execution of this stipulation that plaintiff amended her pleadings seeking exemplary damages. The stipulation was drawn by plaintiff's attorney.

This stipulation seems unambiguous to us and, therefore, the writing alone should be deemed by us to express the intention of the parties. *Sun Oil Company (Delaware) v. Madeley*, 626 S.W.2d 726 (Tex. 1981). The words "total figure of damages" seem, inescapably, to include exemplary damages and, thus, excludes plaintiff's argument that only actual or compensatory damages were intended by the parties. In 28 TEX.JUR.3d, *Damages* sec. 1, at 74–75 (1983), we find:

> "The term 'damages' is defined as the sum of money the law awards as pecuniary compensation, recompense, or satisfaction for an injury done or a wrong sustained as a consequence of either a breach of a contractual obligation or a tortious act....
>
> "Damages are either compensatory or exemplary...."

We, therefore, sustain appellant's first point of error. This makes it unnecessary to address the other points of error assigned by appellant, as well as the two crosspoints assigned by appellee, and they are overruled.

We now enter judgment the court below should have entered.

The plaintiff shall recover of and from the defendant the sum and amount of Three Thousand Eight Hundred and No/100 ($3,800.00) Dollars, together with costs, and legal interest.

Affirmed as reformed.

BURGESS, Justice, concurring.

I concur in the result reached by the majority but for a different reason. I do not believe the stipulation between the parties included exemplary damages. The stipulation speaks only to "... total figure of damages *suffered by Plaintiff* proximately caused by the collision ...." (emphasis supplied). The words "total figure of damages suffered by plaintiff" seem, inescapably to me, to include only compen-

satory damages. In 28 TEX.JUR.3d *Damages* sec. 1 (1983), at 74–75 we further find:

"Damages are either compensatory or exemplary. They are compensatory if they are awarded as the measure of the actual loss *sustained* and are exemplary if they are awarded as punishment with the aim of preventing similar wrongs in the future." (emphasis added)

To me, the words "suffered" in the stipulation and "sustained" in the definition are synonymous. Thus, the stipulation did not preclude the awarding of exemplary damages.

I concur in the result because I also do not believe there was any evidence to support the finding of gross negligence. While the evidence showed simple negligence, there is a difference. The often quoted case of *Burk Royalty Co. v. Walls*, 616 S.W.2d 911 (Tex.1981), at 922, discussed the difference and degree of ordinary and gross negligence.

"What lifts ordinary negligence into gross negligence is the mental attitude of the defendant; that is what justifies the penal nature of the imposition of exemplary damages. The plaintiff must show that the defendant was consciously, i.e., knowingly, indifferent to his rights, welfare, and safety. In other words, the plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrated that he didn't care."

There is no evidence in this case from which the jury could infer a conscious indifference to the welfare of others. The judgment should be reformed to exclude the exemplary damages.